# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

RUFUS JONES,

                              Plaintiff,

                -vs-

SEIU LOCAL 1199 et al,

                            Defendants.

08-CV-6179-CJS-MWP

MEMORANDUM and ORDER

      This National Labor Relations Act case is before the Court on Plaintiff's (Docket No. 50) application to vacate the referral (Docket No. 13) to U.S. Magistrate Judge Marion W. Payson pursuant to 28 U.S.C. § 636, and to reconsider Judge Payson's Order "issued May 6, 2009 ordering plaintiff to answer Questions, wheather [sic] plaintiff ever [sic] been convicted of a crime." (Pl.'s Notice of Recuse [sic], Notice of Opposition to Magistrate Payson Order, at 1.) For the reasons stated below, the application is denied in its entirety.

      A district court may, "under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge…." 28 U.S.C. § 636(c)(4). This provision, however, is applicable to subsection (c), whereas the referral order in this case was made pursuant to subsection (b). Nevertheless, Plaintiff has presented no evidence to support his contention that Judge Payson is biased. His conclusory statement to that effect is not proof. *Person v. General Motors Corp.*, 730 F. Supp. 516 (W.D.N.Y. 1990). Further, the application should be made pursuant to 28 U.S.C. § 144 directly to Judge Payson.

      With regard to Judge Payson's ruling, the Court presumes Plaintiff is referring to Docket No. 51, in which Judge Payson denied Plaintiff a protective order, and determined that

information regarding Jones's criminal history is relevant to the issue of damages and, in particular, the possible applicability of the doctrine of after-acquired evidence of wrongdoing. I thus deny Jones's motion for a protective order with respect to his criminal background and direct him to answer deposition questions identifying his prior convictions—specifically, the crimes, if any, of which he has been convicted, the dates of any such convictions, and the courts in which those judgments of convictions were obtained.

(Decision and Order, *Jones v. SEIU Local 1199*, No. 08-CV-6179 (W.D.N.Y. May 12, 2009), at 2.). Judge Payson observed that, "the University alleges that it reasonably and in good faith believes that Jones falsely denied on his employment application that he had ever been convicted of a crime." (*Id.*) In that light, the Court finds that the after-acquired evidence of wrongdoing defense discussed by the Supreme Court in *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995), may apply, and that Judge Payson correctly denied the motion for a protective order with respect to Plaintiff's criminal background. Plaintiff has failed to show that Judge Payson's Decision and Order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Accordingly, the Court declines to reconsider it.

    IT IS SO ORDERED.

Dated: May 29, 2009
       Rochester, New York

              ENTER:

                            /s/ Charles J. Siragusa
                            Charles J. Siragusa
                            United States District Judge