UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RUFUS JONES,

                Plaintiff,

       v.

SEIU LOCAL 1199 and UNIVERSITY OF ROCHESTER,

                Defendants.

DECISION & ORDER

08-CV-6179CJS

---

By order dated September 16, 2008, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). (Docket # 13). *Pro se* plaintiff Rufus Jones ("Jones") has filed this lawsuit against the SEIU Local 1199 and the University of Rochester ("the University") under the National Labor Relations Act in connection with his termination from employment as a Patient Care Technician at Strong Memorial Hospital. (Docket ## 1, 5). Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 56).

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." This statute is understood to "guarantee [] meaningful access to the courts as required by the Constitution." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)). Unlike criminal defendants, however, civil litigants do not have a constitutional right to appointed counsel. *Id.* (citing *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984)). In determining whether to

appoint counsel for a civil litigant, the court must first inquire whether the litigant can afford to obtain counsel. *Id.* at 61. *See also Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (before considering merits of litigant's position, court must ascertain whether litigant is able to afford or otherwise obtain counsel). If not, the court then must consider whether the indigent's position "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d at 61. Once these two threshold determinations are made, "the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; the indigent's ability to present the case; the complexity of the legal issues, and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Id*. at 61-62.

Here, Jones seeks counsel in connection with certain admissions he has made regarding prior criminal convictions. In the absence of any other rationale for requesting counsel, Jones has failed to adequately demonstrate a need for appointed counsel at this time. Jones has shown an ability to gather and present relevant information to the Court and has not described his efforts, if any, to obtain an attorney on his own. In addition, the Court also notes that there is a limited number of local attorneys available to handle cases on a *pro bono* basis. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989) ("[e]very assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause"). Based on this review, plaintiff's motion for appointment of counsel **(Docket # 56)** is **DENIED**

2

without prejudice at this time. It is plaintiff's responsibility, therefore, to retain an attorney or press forward with this action *pro se*.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                              United States Magistrate Judge

Dated: Rochester, New York
       October   16  , 2009